**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                          (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | White Star Petroleum Holdings, LLC |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | American Energy Woodford Holdings, LLC |

3. **Debtor's federal Employer Identification Number** (EIN)

4 2 – 4 5 7 0 5 7 5

4. **Debtor's address**

**Principal place of business**

301        NW 63rd St.
Number     Street

Suite 600

Oklahoma City        OK        73116
City                State     ZIP Code

Oklahoma
County

**Mailing address, if different from principal place of business**

_____
Number        Street

_____
P.O. Box

_____
City        State        ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____
City        State        ZIP Code

5. **Debtor's website** (URL)        https://www.wstr.com/

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

Debtor    White Star Petroleum Holdings, LLC
_____    Case number (if known)_____
          Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u>  <u>1</u>  <u>1</u>  <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

    ☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.  District _____  When _____  Case number _____
                                                  MM / DD / YYYY

           District _____  When _____  Case number _____
                                                  MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.  Debtor  See attached Annex 1 _____  Relationship _____

         District _____  When _____
                                              MM / DD / YYYY

         Case number, if known _____

| Debtor | White Star Petroleum Holdings, LLC | | Case number *(if known)* |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☑ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    - ☐ It needs to be physically secured or protected from the weather.

    - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    - ☐ Other _____


    Where is the property? _____

    | Number | Street |
    |---|---|

    _____

    | City | State | ZIP Code |
    |---|---|---|


    **Is the property insured?**

    - ☐ No
    - ☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____


---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- ☐ Funds will be available for distribution to unsecured creditors.
- ☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☑ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets** [1]

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☑ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

[1] On a consolidated GAAP book value basis, not fair market value basis.

---

| Debtor | White Star Petroleum Holdings, LLC | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

**16. Estimated liabilities**[2]

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

[2]On a consolidated GAAP book value basis, not fair market value basis.

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ■ I have been authorized to file this petition on behalf of the debtor.

- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05 / 28 / 2019
              MM / DD / YYYY

✖ /s/ Elliot Chambers
Signature of authorized representative of debtor

Elliot Chambers
Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

✖ /s/ Derek C. Abbott
Signature of attorney for debtor

Date  05 / 28 / 2019
       MM / DD / YYYY

Derek C. Abbott
Printed name

Morris, Nichols, Arsht & Tunnell LLP
Firm name

1201        North Market Street, P.O. Box 1347
Number      Street

Wilmington                          DE          19899
City                                State       ZIP Code

(302) 351-9357                      dabbott@mnat.com
Contact phone                       Email address

3376                                DE
Bar number                          State

ANNEX 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (together with White Star Petroleum Holdings, LLC, the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of White Star Petroleum Holdings, LLC.

1. White Star Petroleum, LLC[1]
2. White Star Petroleum II, LLC
3. White Star Petroleum Operating, LLC
4. WSP Finance Corporation

---

[1]   On May 24, 2019, purported trade creditors filed an involuntary bankruptcy petition against White Star Petroleum, LLC in the United States Bankruptcy Court for the Western District of Oklahoma, Case No. 19-12145.

## Top Unsecured Creditors

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| WILMINGTON TRUST, N.A.<br>ATTN: Lynn M. Steiner<br>Vice President<br>50 S. 6th Street<br>Suite 1290<br>Minneapolis, MN 55402 | Lynn M. Steiner<br>EMAIL - lsteiner@wilmingtontrust.com<br>PHONE - (612) 217-5667<br>FAX - (612) 217-5667 | Senior Notes - 9% due September 15, 2022 | | | | $10,300,000.00 |
| HALLIBURTON ENERGY SERVICES INC<br>ATTN: Jeff Miller<br>Chief Executive Officer<br>3000 N. Sam Houston Pkwy E.<br>Houston, TX 77032 | Jeff Miller<br>EMAIL - jmiller@halliburton.com<br>PHONE - (281) 871-7034<br>FAX - (281) 449-1603 | Trade Payable | | | | $5,279,723.26 |
| BAKER HUGHES OILFIELD OPERATIONS INC<br>ATTN: Maria Claudia Borras<br>President & CEO-Oilfield Services<br>17021 Aldine Westfield Rd<br>Houston, TX 77073 | Maria Claudia Borras<br>EMAIL - maria.borras@bhge.com<br>PHONE - (713) 439-8600<br>FAX - (713) 439-8280 | Trade Payable | | | | $2,408,425.15 |
| LATSHAW DRILLING CO LLC<br>ATTN: Trent B. Latshaw<br>Founder and President<br>4500 South 129th East Avenue<br>Suite 150<br>Tulsa, OK 74134 | Trent B. Latshaw<br>EMAIL - trent@latshawdrilling.com<br>PHONE - (918) 355-4380<br>FAX - (918) 355-4392 | Trade Payable | | | | $1,437,280.37 |
| PYRAMID TUBULAR PRODUCTS LLC<br>ATTN: Kathy Walton<br>Founder, Chief Executive Officer and President<br>2 Northpoint Drive<br>Suite 610<br>Houston, TX 77060 | Kathy Walton<br>EMAIL - kwalton@pyramidtubular.com<br>PHONE - (281) 405-8090<br>FAX - (281) 405-8089 | Trade Payable | | | | $1,430,203.73 |
| PETRO AMIGOS SUPPLY INC<br>ATTN: Cesar Vasquez<br>President and Chief Executive Officer<br>777 North Eldridge Parkway<br>Suite 400<br>Houston, TX 77079 | Cesar Vasquez<br>EMAIL - cesar.vasquez@petro-amigos.com<br>PHONE - (281) 497-0858<br>FAX - (281) 497-1575 | Trade Payable | | | | $1,012,176.72 |
| CACTUS DRILLING COMPANY LLC<br>ATTN: Ron Tyson<br>President<br>8300 SW 15th<br>Oklahoma City, OK 73128-9594 | Ron Tyson<br>EMAIL - ront@cactusdrlg.com<br>PHONE - (405) 577-5347<br>FAX - (405) 577-9306 | Trade Payable | | | | $900,824.59 |
| MESA NATURAL GAS SOLUTIONS LLC<br>ATTN: Mike Trott<br>Chief Financial Officer<br>5151 Reserve Drive<br>Evansville, WY 82636 | Mike Trott<br>EMAIL - mike.trott@mesangs.com<br>PHONE - (307) 472-6372<br>FAX - | Trade Payable | | | | $802,829.92 |
| SUMMIT ESP LLC<br>ATTN: John Kenner<br>Chief Executive Officer and President<br>835 West 41st Street South<br>Tulsa, OK 74107 | John Kenner<br>EMAIL - jkenner@summitesp.com<br>PHONE - (918) 392-7820<br>FAX - (918) 392-7819 | Trade Payable | | | | $793,970.89 |
| 4AM MIDSTREAM<br>ATTN: Aubrey Harper<br>Chief Executive Officer<br>13913 Quail Pointe Drive<br>Suite A<br>Oklahoma City, OK 73134 | Aubrey Harper<br>EMAIL - harper@4amincorp.com<br>PHONE - (405) 300-1212<br>FAX - | Trade Payable | | | | $757,253.14 |
| SCHONWALD LAND INC<br>ATTN: Fred Schonwald<br>9434 Cedar Lake Avenue<br>Oklahoma City, OK 73114 | Fred Schonwald<br>EMAIL - info@schonwaldland.com<br>PHONE - (405) 848-5185<br>FAX - (405) 842-5996 | Trade Payable | | | | $746,815.49 |
| SJL WELL SERVICES LLC<br>ATTN: Mark Bishop<br>Vice President and Chief Financial Officer<br>South Highway 81<br>Hennessey, OK 73742 | Mark Bishop<br>EMAIL - mark.bishop@nineenergyservice.com<br>PHONE - (231) 518-7921<br>FAX - | Trade Payable | | | | $737,522.74 |
| WELLBENDERS DIRECTIONAL SRV LLC<br>ATTN: Richard Cross<br>President<br>13901 Highway 105 West<br>Conroe, TX 77304 | Richard Cross<br>EMAIL - richard.cross@wellbenders.com<br>PHONE - (936) 539-9602<br>FAX - (936) 588-0271 | Trade Payable | | | | $719,219.79 |
| BOSTICK SERVICES CORPORATION<br>ATTN: Mike Bostick<br>President<br>12700 W Highway 33, Ste. 1<br>Guthrie, OK 73044-9879 | Mike Bostick<br>EMAIL - mike_bstck@yahoo.com<br>PHONE - (405) 260-0306<br>FAX - | Trade Payable | | | | $718,172.91 |

# Top Unsecured Creditors

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| PAYZONE COMPLETION SERVICES LLC<br>ATTN: David Droke<br>837 SE 82nd Street<br>Oklahoma City, OK 73149 | David Droke<br>EMAIL - droke@pzcomplete.com<br>PHONE - (405) 772-7184<br>FAX - | Trade Payable | | | | $647,655.84 |
| D.D FLUIDS LLC AKA DYNAMIC DRILLING FLUIDS<br>ATTN: Joe Lassiter<br>Chief Financial Officer<br>2699 Highway 44<br>Robstown, TX 78380 | Joe Lassiter<br>EMAIL - joe.lassiter@ddfluids.net<br>PHONE - (972) 533-6737<br>FAX - | Trade Payable | | | | $573,128.32 |
| UNIVERSAL LAND SERVICES LLC<br>2409 S 51st Ct<br>Fort Smith, AR 72903 | EMAIL -<br>PHONE - (918) 712-9038<br>FAX - | Trade Payable | | | | $567,608.49 |
| SCHLUMBERGER ROD LIFT INC<br>ATTN: Rathil Radhakrishnan<br>Operations Controller<br>1325 S. Dairy Ashford Dr.<br>Houston, TX 77077 | Rathil Radhakrishnan<br>EMAIL - rradhakrishnan3@slb.com<br>PHONE - (713) 849-1793<br>FAX - (281) 285-1927 | Trade Payable | | | | $540,466.02 |
| RR OILFIELD RENTAL SERVICES LLC<br>ATTN: Charles Prado<br>Chief Financial Officer<br>220 North Main Street<br>Ringwood, OK 73768 | Charles Prado<br>EMAIL - charlesp@rroilfield.com<br>PHONE - (580) 883-4647<br>FAX - (580) 883-4656 | Trade Payable | | | | $536,805.00 |
| WATKINS CONSTRUCTION CO LLC<br>ATTN: Scott Watkins<br>Chief Executive Officer<br>3229 South 15th Street<br>Corsicana, TX 75151 | Scott Watkins<br>EMAIL - swatkins@watkinsconstruction.com<br>PHONE - (903) 874-6587<br>FAX - (903) 872-7433 | Trade Payable | | | | $535,743.54 |
| JACKSON ELECTRIC CONSTRUCTION LLC<br>ATTN: Garrett Jackson<br>Owner<br>805 E Highway 66<br>Wellston, OK 74881 | Garrett Jackson<br>EMAIL - garrett@jacksonelectricok.com<br>PHONE - (405) 356-9335<br>FAX - (405) 356-9331 | Trade Payable | | | | $528,088.64 |
| MULTI-SHOT LLC<br>ATTN: Allen R. Neel<br>President and Director<br>3335 Pollok Drive<br>Conroe, TX 77303 | Allen R. Neel<br>EMAIL -<br>PHONE - (936) 442-2500<br>FAX - (936) 442-2599 | Trade Payable | | | | $500,778.00 |
| CENTRAL RURAL ELECTRIC COOPERATIVE<br>ATTN: Craig McBrain<br>Executive Vice President of Finance<br>3305 South Boomer Road<br>P.O. Box 1809<br>Stillwater, OK 74076 | Craig McBrain<br>EMAIL -<br>PHONE - (405) 372-2884<br>FAX - (405) 372-8559 | Trade Payable | | | | $496,577.63 |
| CAPGEMINI AMERICA, INC.<br>ATTN: Hugh Forque<br>Vice President<br>623 Fifth Avenue, 33rd Floor<br>New York, NY 10022 | Hugh Forque<br>EMAIL - Hugh.Forque@capgemini.com<br>PHONE - (212) 314-8000<br>FAX - | Trade Payable | | | | $468,600.00 |
| H2 SERVICES LLC<br>ATTN: Craig Hamilton<br>Chief Executive Officer<br>4700 Highway 105<br>Guthrie, OK 73044 | Craig Hamilton<br>EMAIL - h2.services@yahoo.com;<br>chamilton6227@yahoo.com<br>PHONE - (405) 517-6227<br>FAX - (405) 293-6628 | Trade Payable | | | | $463,809.96 |
| LOUISIANA MACHINERY COMPANY LLC<br>ATTN: Cory Calcagno<br>Director of Credit and Finance<br>3799 West Airline Highway<br>Reserve, LA 70084-0536 | Cory Calcagno<br>EMAIL - cory.calcagno@louisianacat.com<br>PHONE - (985) 536-1121<br>FAX - (985) 536-4549 | Trade Payable | | | | $455,994.25 |
| RK&R DOZER SERVICE LLC<br>ATTN: Ronnie Robinson Jr.<br>15200 W 6TH ST<br>Orlando, OK 73073 | Ronnie Robinson Jr.<br>EMAIL - ronnie@rkrdozerservice.com<br>PHONE - (580) 455-2218<br>FAX - (580) 455-2249 | Trade Payable | | | | $454,839.87 |
| NALCO COMPANY<br>ATTN: Kent Highfill<br>Senior District Account Manager<br>1601 West Diehl Road<br>Naperville, IL 60563-1198 | Kent Highfill<br>EMAIL - kent.highfill@champ-tech.com<br>PHONE - (918) 429-0922<br>FAX - (800) 288-0878 | Trade Payable | | | | $447,017.45 |
| RESISTOL SERVICES LLC<br>ATTN: Blake Branham<br>Chief Financial Officer<br>121 OILFIELD DRIVE<br>Elk City, OK 73644 | Blake Branham<br>EMAIL - blake.branham@resistolservices.com<br>PHONE - (405) 343-0443<br>FAX - | Trade Payable | | | | $443,355.90 |

## Top Unsecured Creditors

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| DOVER ARTIFICIAL LIFT SYSTEMS LLC<br>ATTN: Robert A. Livingston<br>Chief Executive Officer and President<br>1585 Sawdust Road<br>Suite 210<br>The Woodlands, TX 77380 | Robert A. Livingston<br>EMAIL -<br>PHONE - (281) 403-5742<br>FAX - (281) 403-5746 | Trade Payable | | | | $432,663.66 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

————————————————————x
In re                                              :        Chapter 11
                                                   :
WHITE STAR PETROLEUM HOLDINGS, LLC,   :        Case No. (19-_____) (__)
*et al.*,[1]                                        :
                                                   :        Joint Administration Pending
                         Debtors.                  :
————————————————————x

**CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY SECURITY HOLDERS**

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of

Bankruptcy Procedure, WSTR Holdings, on behalf of the Debtors, respectfully represents:

1.      100% of the equity of WSP Finance is directly owned by WSTR.

2.      100% of the equity of WSTR Operating is directly owned by WSTR.

3.      100% of the equity of WSTR II is directly owned by WSTR.

4.      100% of the equity of WSTR is directly owned by WSTR Holdings.

5.      72.3% of the equity of WSTR Holdings is directly owned by EMG White Star

Holdings, LLC, 811 Main Street, Suite 4200, Houston, Texas 77002.

---

[1]     The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: White Star Petroleum Holdings, LLC (0575) ("WSTR Holdings"), White Star Petroleum, LLC (0977) ("WSTR"), White Star Petroleum II, LLC (4347) ("WSTR II"), White Star Petroleum Operating, LLC (5387) ("WSTR Operating") and WSP Finance Corporation (9152) ("WSP Finance" and together with WSTR Holdings, WSTR, WSTR II and WSTR Operating, the "Debtors").  The Debtors' corporate headquarters is located at 301 N.W. 63rd Street, Suite 600, Oklahoma City, OK 73116.

**Fill in this information to identify the case and this filing:**

Debtor Name ___White Star Petroleum Holdings, LLC___

United States Bankruptcy Court for the: _____ District of _____
                                                                                        (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration ___Consolidated Top 30 Largest Unsecured Claims___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___05/28/2019___                    ✖ ___/s/ Elliot Chambers___
                    MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                                      ___Elliot Chambers___
                                                      Printed name

                                                      ___Chief Executive Officer___
                                                      Position or relationship to debtor

**Fill in this information to identify the case and this filing:**

Debtor Name __White Star Petroleum Holdings, LLC__

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/28/2019__ ✘ __/s/ Elliot Chambers__
MM / DD / YYYY         Signature of individual signing on behalf of debtor

__Elliot Chambers__
Printed name

__Chief Executive Officer__
Position or relationship to debtor

# SECRETARY'S CERTIFICATE

May 27, 2019

The undersigned, Jeffery J. Zanotti, as Senior Vice President, General Counsel and Secretary of White Star Petroleum Holdings, LLC, a Delaware limited liability company (the "Company") hereby certifies as follows:

1.      I am the duly elected and qualified Senior Vice President, General Counsel and Secretary of the Company, and as such I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company.

2.      Attached hereto is a true, complete and correct excerpt of the resolutions of the Board of Managers of the Company, duly adopted and approved on May 27, 2019, in accordance with the bylaws of the Company.

3.      Such resolutions have not been amended, modified, annulled, revoked or rescinded and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions of the Board of Managers of the Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date set forth above.

_____
Jeffery J. Zanotti
Senior Vice President, General Counsel and
Secretary

**RESOLUTIONS OF**
**THE BOARD OF MANAGERS OF**
**WHITE STAR PETROLEUM HOLDINGS, LLC**

**I. Voluntary Petitions and Bankruptcy Case**

**WHEREAS**, the Board has reviewed and discussed the financial and operational condition of the Company and the Company's business on the date hereof, including the current and historical performance of the Company, the assets and liquidity of the Company, the current and long-term liabilities of the Company and the credit market conditions;

**WHEREAS**, the Board has received, reviewed, and discussed the recommendations of management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including a bankruptcy proceeding (the "**Bankruptcy Case**") under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and has discussed forms or descriptions of the key "first day" and "second day" filings that would be proposed to be made by the Company in connection with the Bankruptcy Case (the "**Initial Filings**");

**WHEREAS**, after review and discussion and due consideration of all of the information presented to the Board, the Board deems it advisable and in the best interests of the Company, its members, its creditors, its subsidiaries, stakeholders, and other interested parties, for the Company to commence the Bankruptcy Case by filing a voluntary petition for relief under the provisions of the Bankruptcy Code (the "**Petition**");

**WHEREAS**, the Board deems it advisable and in the best interests of the Company, its members, its creditors, its subsidiaries, stakeholders, and other interested parties for the Company to make the Initial Filings and to conduct the business of the Company as contemplated thereby;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its members, its creditors, its subsidiaries, stakeholders, and other interested parties that the Petition and the Initial Filings be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and be it further

**RESOLVED**, that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition and the Initial Filings and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and be it further

**RESOLVED**, that any Manager or officer of the Company (each, a "**Designated Person**" and collectively, the "**Designated Persons**") be, and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute and verify the Petition and the Initial Filings as well as all other ancillary documents and to cause the Petition and the Initial Filings to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petition, the Initial Filings, or any ancillary documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing; and be it further

**RESOLVED**, that the law firm of Sullivan & Cromwell LLP ("**S&C**") be, and hereby is, authorized, empowered and directed to represent the Company as its general bankruptcy counsel

in connection with the Bankruptcy Case, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of S&C; and be it further

RESOLVED, that the law firm of Morris, Nichols, Arsht & Tunnell LLP ("**Morris Nichols**") be, and hereby is, authorized, empowered and directed to represent the Company as bankruptcy co-counsel in connection with the Bankruptcy Case, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Morris Nichols; and be it further

RESOLVED, that the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to select a law firm to serve as Oklahoma counsel ("**OK Counsel**"), and OK Counsel be, and hereby is, authorized, empowered and directed to represent the Company as bankruptcy co-counsel in connection with the Bankruptcy Case, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of OK Counsel; and be it further

RESOLVED, that the investment bank of Guggenheim Securities, LLC ("**Guggenheim**") be, and hereby is, engaged to provide investment banking and other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Guggenheim; and be it further

RESOLVED, that the firm of Alvarez & Marsal North America, LLC ("**A&M**") be, and hereby is, engaged to provide restructuring advice and other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of A&M; and be it further

RESOLVED, that the firm of Kurtzman Carson Consultants LLC ("**KCC**") be, and hereby is, engaged to act as notice, claims and balloting agent and to provide other related services to the Company in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy

Case, and to cause to be filed an appropriate application for authority to retain the services of KCC; and be it further

**RESOLVED**, that in addition to the existing signatories of the Company, any Designated Person, acting alone or in any combination, be, and hereby is, authorized to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants, restructuring advisors, notice, balloting and claims agents and other professionals as appropriate in connection with the Bankruptcy Case and all related matters.

### II. DIP Financing

**WHEREAS**, the Board, in contemplation of the Bankruptcy Case, is considering entering into a Debtor-In-Possession Credit Agreement (the "**Credit Agreement**"), by and among the White Star Petroleum, LLC, as borrower, the Company and White Star Petroleum II, LLC, White Star Petroleum Operating, LLC and WSP Finance Corporation (collectively, the "**Subsidiaries**"), as guarantors, MUFG Union Bank, N.A. as collateral and administrative agent (in such capacities, the "**Collateral Agent**" and the "**Administrative Agent**," respectively, and collectively, the "**Agents**") and the lenders party thereto from time to time (collectively, the "**Lenders**");

**WHEREAS**, pursuant to the Credit Agreement, the lenders party thereto would extend $28.5 million in aggregate principal amount of delayed draw term loans (the "**Loans**"), the proceeds of which would be used to pay fees and expenses in connection with the Bankruptcy Case and the other transactions contemplated by the Credit Agreement and the documents related thereto and to fund working capital and provide for general corporate purposes of the Company and the Subsidiaries;

**WHEREAS**, the Loans would be secured by a security interest in substantially all of the assets of the Company and the Subsidiaries, and it is a requirement under the Credit Agreement that the Company and the Subsidiaries pledge substantially all of its assets;

**WHEREAS**, the Board determined that the Company and the Subsidiaries will derive substantial direct and indirect benefits from the extension of credit under the Credit Agreement;

**WHEREAS**, in the judgment of the Board, it is desirable and in the best interests of the Company, its members, its creditors, its subsidiaries, stakeholders, and other interested parties that the Company and the Subsidiaries (a) enter into the Credit Agreement and exercise all rights and perform all obligations provided for thereunder and (b) enter into any and all documents, agreements (including security agreements), notes, instruments, certificates and notices in connection with the Credit Agreement as are advisable or required in accordance with the Credit Agreement (collectively with the Credit Agreement, the "**Loan Documents**") and exercise the rights and perform the obligations as shall be set forth therein;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that it is desirable and in the best interests of the Company, its members, its creditors, its subsidiaries, stakeholders, and other interested parties, and necessary to carry out the business and affairs of the Company and the Subsidiaries, for the Company and the Subsidiaries to enter into the Credit Agreement, perform all obligations under the Credit Agreement and grant a security interest in substantially all of its assets to secure its obligations under the Credit Agreement; and be it further

**RESOLVED**, that the incurrence of indebtedness to be evidenced by the Credit Agreement and the other Loan Documents be, and hereby is, authorized and approved in all respects and that the officers of the Company and the Subsidiaries are hereby authorized and

directed to use the proceeds from the Loans in the manner contemplated by and described in the Credit Agreement and as they may otherwise determine to be appropriate; and be it further

**RESOLVED**, that, as collateral security for its obligations arising under, out of or in connection with the Credit Agreement and the other Loan Documents, the Company and the Subsidiaries be, and hereby are, authorized to (i) grant to the Collateral Agent for the ratable benefit of the Agents and the Lenders a security interest in the Collateral (as defined in the Credit Agreement), whether now owned or existing or hereafter acquired pursuant to the terms and conditions set forth in the Credit Agreement and the other Loan Documents, and (ii) execute and deliver to the Collateral Agent any UCC financing statements, instruments and other documents required or desirable in relation to the transactions contemplated by the Credit Agreement and any other related document; and be it further

**RESOLVED**, that the Credit Agreement and the other Loan Documents to be executed and delivered by the Company are in all respects hereby approved, and the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute, deliver and perform the Loan Documents to which the Company is a party containing such terms as approved by the Designated Person executing the same, with such approvals to be conclusively evidenced by the execution thereof by the Designated Person, and to perform all of the agreements and obligations of the Company under the Loan Documents and to consummate the transactions contemplated thereby, and that such Designated Persons together with the Director – Treasury of the Company be, and each of them individually hereby is, authorized to execute, deliver and perform such other agreements, documents, instruments, notes, certificates and notices, and to take such other actions as the Designated Person and the Director – Treasury of the Company executing the same shall deem necessary or appropriate in connection with the Credit Agreement; including the establishment of bank accounts, the granting of additional liens on real property or otherwise and the granting and perfection of pledges of equity interests in its subsidiaries in connection with the security interests granted therein; and be it further

**RESOLVED**, that the Company is hereby authorized to fully and unconditionally guarantee, on a senior secured basis, jointly and severally with the Subsidiaries, to the Lenders and to the Agents or any agent thereof, the full and prompt performance of each other Loan Party (as defined in the Credit Agreement)'s obligations under the Credit Agreement and any related documents, including, without limitation, payments of principal and interest, and the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute and deliver to the Agents such guarantees, continuing guarantees and endorsements, all in the form and substance satisfactory to the Agents, as any such Agent may request, together with such other contracts or instruments as the Designated Person of the Company deem necessary or advisable to accomplish the purposes of this resolution or to continue the rights and remedies to be given to such Collateral Agent and the Lenders.

### III. Compensation Actions

**WHEREAS**, White Star Petroleum Operating, LLC ("**Operating**") sponsors the White Star Petroleum Operating, LLC Severance Benefit Plan for Employees and the White Star Petroleum Operating, LLC Severance Benefit Plan for Officers (together, the "**Severance Plans**");

**WHEREAS**, the Severance Plans are intended to constitute a comprehensive severance program covering all of the Company's employees;

**WHEREAS**, the Severance Plans may be amended at any time by Operating;

**WHEREAS**, each of the Company and Operating desires to combine the Severance Plans into one plan document;

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that it is desirable and in the best interests of the Company to combine the Severance Plans into one plan; and be it further

**RESOLVED**, that the Severance Plans be, and they hereby are, amended and restated as the White Star Petroleum Operating, LLC Employee Severance Benefit Plan (the "**A&R Plan**") and that the officers of the Company and the Subsidiaries are hereby authorized and directed to execute any documents, and take such other actions as they deem necessary or appropriate in connection with the A&R Plan.

### IV. General Authorizations

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Designated Persons, and in addition to the existing signatories of the Company, any of the Designated Persons, acting alone or in any combination, be, and hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute, file (or cause to be filed) and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purposes of the foregoing resolutions and perform the obligations of the Company under the Bankruptcy Code and the Loan Documents; and be it further

**RESOLVED**, that the Designated Persons be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to adopt resolutions and otherwise exercise the rights and powers of the Company as such Designated Person may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of each such subsidiary of the Company; and be it further

**RESOLVED**, that all actions heretofore taken by any officer or Manager of the Company in connection with the foregoing resolutions, the Petition and related matters be, and they hereby are, confirmed, ratified and approved in all respects; and be it further

**RESOLVED**, that the Managers hereby waive any notice, procedural or other formalities requirements which may be required in order to hold a meeting of the Company's Board of Managers.